■ ANTONIO STABILE, Plaintiff, v JOHN VIENER et al., Defendants and Third-Party Plaintiffs-Respondents. BARR & BARR, INC., Third-Party Defendant-Appellant. [737 NYS2d 381] —In an action to recover damages for personal injuries, the third-party defendant Barr & Barr, Inc., appeals from so much of an order of the Supreme Court, Kings County (Mason, J.), dated October 18, 2000, as granted that branch of the motion of the defendants third-party plaintiffs which was for conditional summary judgment on the issue of contractual indemnification, and denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 6, 1995, the plaintiff was injured while performing work in connection with the renovation of commercial offices leased by the defendant John Viener, a general partner of Christy & Viener. After the accident, the plaintiff commenced this personal injury action against Viener and several other parties, alleging violations of Labor Law §§ 200, 240, and 241. The defendant Viener, individually and as a general partner of Christy & Viener, then commenced a third-party action against the plaintiff's employer, Barr & Barr, Inc., seeking, inter alia, contractual indemnification pursuant to a written agreement made as of August 1, 1995, but not formally executed until on or after May 10, 1996.

Barr & Barr, Inc., contends that the Supreme Court erred in awarding Viener conditional summary judgment on his claim for contractual indemnification because the written agreement containing the indemnification requirement was not executed until after the plaintiff's accident. We disagree. In support of his motion for conditional summary judgment on the issue of contractual indemnification, Viener submitted evidence which established, as a matter of law, that the agreement pertaining to the renovation project was made "as of" August 1, 1995, and that the parties intended that it apply as of that date (*see, Penske Truck Leasing Co. v Home Ins. Co.,* 251 AD2d 478; *Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 111-112; *see also, Quinn v Fisher Dev.,* 272 AD2d 106). In opposition to the motion for summary judgment, Barr & Barr, Inc., failed to come forward with evidence sufficient to raise a triable issue of fact as to the parties' intent that the agreement have retroactive effect. Furthermore, the third-party complaint is not barred by the 1996 amendment to Workers' Compensation Law § 11, which eliminates, except in cases of "grave injury," an employer's liability "for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment" (*Soto v Alert No. 1 Alarm Sys.,* 272 AD2d 466, 468). The amendment of Workers' Compensation Law § 11 "did not affect the power of a third party to recover under express contractual obligations between the employer and the third party" (*Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 582; *see, Soto v Alert No. 1 Alarm Sys., supra*). Accordingly, Workers' Compensation Law § 11 does not prohibit Viener from enforcing the indemnification provision of the written agreement, which the parties agreed to make retroactive to a date prior to the plaintiff's accident (*cf., Beckford v City of New York,* 261 AD2d 158). Krausman, J.P., Luciano, Adams and Townes, JJ., concur.