■ QUALITY KING DISTRIBUTORS, INC., Appellant, v E & M ESR, INC., Respondent. [827 NYS2d 700]—

In an action, inter alia, to recover damages for breach of an indemnification agreement, the plaintiff appeals from an order

of the Supreme Court, Suffolk County (Emerson, J.), dated July 12, 2005, which granted the defendant's motion for summary judgment dismissing the complaint, and denied its cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Quality King Distributors, Inc. (hereinafter Quality King), and E & M ESR, Inc. (hereinafter E & M), are wholesale distributors of health and beauty aids, and supplied professional hair care products, including the Nexxus and Sebastian brands, to CVS Pharmacy, Inc. (hereinafter CVS). Both Quality King and E & M (hereinafter together the distributors) had entered into separate indemnification agreements with CVS, whereby they each agreed, to a specified extent, to defend and indemnify CVS in connection with certain actions arising on account of merchandise which they supplied to CVS. E & M executed one such agreement in 1996, which was superseded in 2001 by another, more comprehensive agreement (hereinafter the E & M indemnity agreement). In 1998 Quality King executed an indemnity agreement (hereinafter the Quality King indemnity agreement) similar to the E & M indemnity agreement. The E & M and Quality King indemnity agreements each contained provisions which pro rated the particular distributor's defense and indemnity obligations based on the percentage of the dollar volume of merchandise supplied by that distributor, but only if that distributor supplied CVS with less than 80% of the dollar volume of merchandise which was the subject of the relevant action.

In 1997 Quality King and CVS were named as defendants in a federal action entitled *Nexxus Products Company v CVS New York, Inc.,* under civil action No. 97-40197 (NMG) (hereinafter the Nexxus action), commenced in the United States District Court, District of Massachusetts. In accordance with the express provisions of the subsequently executed Quality King indemnity agreement, Quality King undertook to defend and indemnify CVS in the Nexxus action. The case ultimately was settled in 2000. Also in 2000, Quality King and CVS were named defendants, with others, in another federal action entitled *Sebastian International, Inc. v Vincenzo Russolillo,* commenced in the United States District Court, Central District of California, under case No. CV-00-03476 CM (JWJx) (hereinafter the Sebastian action). Quality King again undertook to defend and indemnify CVS in the Sebastian action.

In 2002, after learning that E & M had supplied CVS with a substantial percentage of CVS's Nexxus and Sebastian products during the relevant time periods, Quality King demanded that

E & M pay a pro rata share of defense costs incurred in the Nexxus and Sebastian actions. E & M refused, and this action ensued. The Supreme Court granted E & M's motion for summary judgment dismissing the complaint, and consequently denied Quality King's cross motion for partial summary judgment on the issue of liability. We affirm.

While E & M may have an obligation, pursuant to the 2001 E & M indemnity agreement, to defend and indemnify CVS with respect to the Sebastian action, Quality King may not enforce such obligation. Quality King is not a third-party beneficiary of the E & M indemnity agreement (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling,* 95 NY2d 427, 434-435 [2000]). Further, pursuant to the Quality King indemnity agreement, Quality King is subrogated to CVS's rights as against other suppliers only where it supplied CVS with at least 80% of the dollar volume of the merchandise at issue in an action. Quality King concedes that it did not supply CVS with that percentage of CVS's Sebastian products during the relevant time period. Accordingly, E & M was properly granted summary judgment dismissing those causes of action seeking to enforce E & M's alleged indemnity obligation to CVS with respect to the Sebastian action.

For the same reasons, Quality King may not enforce the 2001 E & M indemnity agreement or the 1996 agreement between E & M and CVS with respect to the Nexxus action. Moreover, the 2001 E & M indemnity agreement did not retroactively apply to the Nexxus action in any event. Ind emnity contracts are to be strictly construed to avoid reading into them duties which the parties did not intend to be assumed (*see Great N. Ins. Co. v Interior Constr. Corp.,* 7 NY3d 412 [2006]; *Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]). Therefore, such an agreement "cannot be held to have a retroactive effect unless by its express words or necessary implication it clearly appears to be the parties' intention to include past obligations" (*Kane Mfg. Corp. v Partridge,* 144 AD2d 340, 341 [1988]; *see People v Lee,* 104 NY 441, 449 [1887]). Quality King points to language in the 2001 E & M indemnity agreement whereby E & M promised to indemnify CVS for the defense of certain actions "whether such matter is pending at the time that this agreement is executed or not," as evidence that the parties to the agreement intended that it apply to previously settled actions. However, as applied to past actions, this language is ambiguous, and therefore extrinsic evidence is permitted to discern the parties' intent (*see Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]; *Wise v McCalla,* 24 AD3d 435 [2005]). The evidence submitted, includ-

ing an affidavit from the president of E & M, who participated in the negotiation of the E & M indemnity agreement, established that the parties to that agreement intended that it apply only to pending and future actions. We note that the 1998 Quality King indemnity agreement contains numerous express references to the then-pending Nexxus action, and that CVS could have used similar language in the 2001 E & M indemnity agreement if the intention had been to cover that action. Moreover, any ambiguity is to be construed against the drafter, which in this case is CVS (*see Mejia v Trustees of Net Realty Holding Trust,* 304 AD2d 627 [2003]). Accordingly, the E & M indemnity agreement may not be retroactively applied and, as regards the 1997 Nexxus action, E & M's 1996 agreement with CVS is controlling.

Pursuant to the 1996 agreement, E & M agreed to "defend, indemnify and hold harmless [CVS] from and against any and all liabilities, losses, claims, and/or costs, including reasonable attorneys' fees, which result from any defect, alleged or real, in the products sold by [E & M] to CVS for distribution or resale, or which result from any infringement, alleged or real, of any trademark, patent, copyright or other intellectual property right." It further provided that E & M would "not be obligated to CVS under this indemnity to the extent that a claim is a result of any negligence on the part of CVS, its employees, agents or servants."

The second amended complaint in the Nexxus action asserted causes of action sounding in trademark infringement and dilution. Because those causes of action were grounded upon allegations of wrongful conduct by CVS employees after the products were delivered to CVS, E & M had no obligation with regard to those causes of action. While other causes of action alleged in the Nexxus action were grounded in the unauthorized sale of Nexxus products, those causes of action sounded in unfair trade practices, claims not covered by the 1996 agreement. Strictly construing the 1996 agreement (*see Great N. Ins. Co. v Interior Constr. Corp., supra; Hooper Assoc. v AGS Computers, supra* at 491), E & M had no obligation to defend or indemnify CVS with respect to the Nexxus action. Accordingly, the Supreme Court properly granted summary judgment dismissing those causes of action which sought to enforce E & M's alleged obligation to indemnify CVS with respect to the Nexxus action.

Finally, as Quality King is not in privity with E & M, the cause of action alleging unjust enrichment was properly dismissed (*see Sperry v Crompton Corp.,* 26 AD3d 488 [2006], *lv granted* 7 NY3d 706 [2006]). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.