■ RODERICK F. LAFLEUR, JR., Plaintiff, v MLB INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. ALLTEK ENERGY SYSTEMS, INC., Third-Party Defendant-Respondent. [861 NYS2d 803]—

Stein, J. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered March 19, 2007 in Rensselaer County, which, among other things, granted third-party defendant's cross motion for summary judgment dismissing the third-party complaint, and (2) from the judgment entered thereon.

In 2002, defendant MLB Industries, Inc. was hired by defendant Hannaford Brothers Company to renovate some of Hannaford's grocery stores. MLB subcontracted out to third-party defendant, Alltek Energy Systems, Inc., work that involved the installation of a four-foot exhaust hood in the deli department of one of its stores. Prior to the commencement of that work, MLB and Alltek executed a written contract, which included indemnification provisions. That job was completed and Alltek was paid.

In 2003, MLB again subcontracted with Alltek to replace the four-foot hood with a larger one. Before that work commenced, MLB's vice-president of operations signed a written proposal submitted by Alltek, which did not contain an indemnification agreement; no formal, written subcontract was executed at that time. While the project was underway, plaintiff, an employee of Alltek, was injured. A couple of months later, after the job had been completed, a formal written subcontract was executed by MLB and Alltek. That contract expressly provided for the incorporation of the terms of the 2002 contract, including its indemnification provisions.

Plaintiff commenced this action against, among others, MLB.

MLB then commenced a third-party action against Alltek seeking contractual indemnification and moved for summary judgment. Alltek cross-moved for summary judgment dismissing the third-party complaint. Supreme Court denied MLB's motion and granted Alltek's cross motion. MLB now appeals and we affirm.

Workers' Compensation Law § 11 prohibits third-party claims for indemnification against an employer unless "the employee has sustained a 'grave injury' or when there is a 'written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant' " (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 367 [2005], quoting Workers' Compensation Law § 11). " 'When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed' " (*Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004], quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). Thus, an indemnification agreement executed after the accident occurred will not be applied retroactively in the absence of evidence that the agreement was made as of a date prior to the occurrence of the accident and that the parties intended the contract to apply as of that date (*see Podhaskie v Seventh Chelsea Assoc.*, 3 AD3d 361, 362 [2004]; *Pena v Chateau Woodmere Corp.*, 304 AD2d 442, 443-444 [2003]; *Stabile v Viener*, 291 AD2d 395, 396 [2002], *lv dismissed* 98 NY2d 727 [2002]).

Here, there is no language in the 2003 contract that the parties intended its terms, including the indemnification provision incorporated by reference, to be retroactively applied or that the contract's effective date was intended to be any date other than the date it was executed (*see Temmel v 1515 Broadway Assoc., L.P.*, 18 AD3d 364, 365 [2005]; *Burke v Fisher Sixth Ave. Co.*, 287 AD2d 410 [2001]; *see also McGovern v Gleason Bldrs., Inc.*, 41 AD3d 1295, 1296 [2007]). Nor was there any record evidence of a longstanding relationship or that the prior indemnification agreement constituted a blanket agreement (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 430, 432, 433 [2005]); there was also no evidence of any writing indicating the existence of such an agreement at the time of the accident (*see Gilbert v Albany Med. Ctr.*, 21 AD3d 677, 678 [2005]; *Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419, 1421 [2005]). Thus, MLB failed to create a triable issue of fact and Supreme Court properly granted Alltek's cross motion for summary judgment dismissing the third-party complaint (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Spain, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs. [*See* 2007 NY Slip Op 30038(U).]