Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 23, 2008 in a personal injury action. The order, insofar as appealed from, granted that part of the motion of second third-party defendant for summary judgment dismissing the second third-party complaint insofar as it seeks contractual indemnification and denied that part of the cross motion of second third-party plaintiffs for partial summary judgment on contractual indemnification.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while performing demolition work at the Adams Mark Hotel. Plaintiff, an employee of second third-party defendant, Capital Concrete Cutting, Inc. (Capital), was injured when he *1281 slipped and fell on exposed rebar. We reject the contention of defendants and second third-party plaintiffs (second third-party plaintiffs) that Supreme Court erred in granting that part of Capital’s motion for summary judgment dismissing the second third-party complaint insofar as it seeks contractual indemnification. Workers’ Compensation Law § 11 prohibits a third-party action against an employer unless the plaintiff sustained a grave injury or there is “a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution or indemnification of the [third-party plaintiff]” (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367 [2005], rearg denied 5 NY3d 746 [2005]). In support of its motion, Capital submitted evidence establishing that there was no written contract between second third-party plaintiffs and Capital on December 2, 1998, the date of plaintiff’s accident. The subcontract that provided for indemnification was not executed by defendant and second third-party plaintiff HBE Corporation (HBE) until February 12, 1999, however, and it expressly provided that it “shall have no binding force or effect on [HBE] unless and until [it] is executed by [HBE].” Contrary to the contention of second third-party plaintiffs, they failed to raise a triable issue of fact whether the parties to the subcontract intended or agreed to make the subcontract retroactive to the date of plaintiffs accident (see LaFleur v MLB Indus., Inc., 52 AD3d 1087, 1088 [2008]).
We reject the further contention of second third-party plaintiffs that the certificate of liability insurance obtained by Capital prior to plaintiffs accident constituted “recognition” of an indemnification agreement in effect at the time of plaintiffs accident. “An agreement to procure insurance is not an agreement to indemnify or hold harmless, and the distinction between the two is well recognized” (Kinney v Lisk Co., 76 NY2d 215, 218 [1990]). We have considered second third-party plaintiffs’ remaining contention and conclude that it is without merit. Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.