◼ ZDZISLAW MIKULSKI, Plaintiff, v ADAM R. WEST, INC., Defendant/Third-Party Plaintiff-Appellant. GDANSK CONTRACTING OF NEW YORK, CORP., Third-Party Defendant-Respondent. [912 NYS2d 233]—

In an action to recover damages for personal injuries, in which

the defendant Adam R. West, Inc., commenced a third-party action for contractual indemnification, the defendant/third-party plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated May 27, 2009, as denied that branch of its motion which was for summary judgment on the third-party complaint, and (2) from an order and judgment (one paper) of the same court entered July 15, 2009, which, after a nonjury trial, in effect, granted the motion of the third-party defendant pursuant to CPLR 4401 for judgment as a matter of law dismissing the third-party complaint, and dismissed the third-party complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is affirmed; and it is further;

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (*see* CPLR 5501 [a] [1]).

Workers' Compensation Law § 11 prohibits third-party claims for indemnification against an employer unless the employee has sustained a "grave injury," or when there is a "written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant" (Workers' Compensation Law § 11; *see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 367 [2005]; *LaFleur v MLB Indus., Inc.*, 52 AD3d 1087 [2008]). Furthermore, indemnity contracts are to be strictly construed to avoid reading into them duties which the parties did not intend to be assumed (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006]; *Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004]; *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Quality King Distribs., Inc. v E & M ESR, Inc.*, 36 AD3d 780 [2007]). Therefore, such an agreement "cannot be held to have a retroactive effect unless by its express words or necessary implication it clearly appears to be the parties' intention to include past obligations" (*Kane Mfg. Corp. v Partridge*, 144 AD2d 340, 341 [1988]; *see LaFleur v MLB Indus., Inc.*, 52 AD3d at 1088; *Quality King Distribs., Inc. v E & M ESR, Inc.*, 36 AD3d at 782; *cf. Stabile v Viener*, 291 AD2d 395 [2002]).

Thus, an indemnification agreement executed by a party after the plaintiff's accident occurred will not be applied retroactively in the absence of evidence that the agreement was made as of a date prior to the occurrence of the accident and that the parties intended the agreement to apply as of that date (*see Podhaskie v Seventh Chelsea Assoc.*, 3 AD3d 361 [2004]; *LaFleur v MLB Indus., Inc.*, 52 AD3d at 1088; *Quality King Distribs., Inc. v E & M ESR, Inc.*, 36 AD3d at 782; *Pena v Chateau Woodmere Corp.*, 304 AD2d 442 [2003]; *Stabile v Viener*, 291 AD2d at 396). Here, there was no language in the hold-harmless agreement indicating that the parties intended its terms to be retroactively applied, or that the contract's effective date was intended to be any date other than the date it was fully executed (*see LaFleur v MLB Indus., Inc.*, 52 AD3d at 1088; *Temmel v 1515 Broadway Assoc., L.P.*, 18 AD3d 364 [2005]). Moreover, the testimony of the parties established that the third-party defendant did not execute the agreement until after the plaintiff's accident. Therefore, the defendant/third-party plaintiff was unable to make a prima facie showing of its entitlement to judgment as a matter of law by demonstrating the absence of any triable issues of fact regarding the applicability of the indemnification agreement to the plaintiff's accident and, accordingly, its motion for summary judgment was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Additionally, the Supreme Court properly, in effect, granted the third-party defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the third-party complaint and dismissed the third-party complaint, since the third-party plaintiff did not make out a prima facie case at trial for indemnification (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Lyons v McCauley*, 252 AD2d 516 [1998]; *Hylick v Halweil*, 112 AD2d 400 [1985]). Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.