■ 2632 REALTY DEVELOPMENT CORPORATION et al., Respondents, v 299 MAIN ST., LLC, et al., Appellants. [941 NYS2d 252]—

In an action to recover damages for breach of contract and for a judgment declaring that the defendants are obligated to indemnify the plaintiff 2632 Realty Development Corporation for, inter alia, the costs of defending an action entitled *State of New York v Next Millennium Realty, LLC*, pending in the United States District Court for the Eastern District of New York, under docket No. CIV 03-5985, the defendants appeal from an order of the Supreme Court, Nassau County (Woodard, J.), dated September 13, 2010, which denied their motion for summary judgment, in effect, declaring that they are not obligated to indemnify the plaintiff 2632 Realty Development Corporation for, among other things, the costs of defending the underlying action and dismissing the first and second causes of action insofar as asserted by the plaintiff 2632 Realty Development Corporation, and for summary judgment dismissing the complaint insofar as asserted by the plaintiff BelleSys, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff BelleSys, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In March 2005 the plaintiff 2632 Realty Development Corporation (hereinafter Realty) agreed to sell a parcel of real property to the defendant 299 Main St., LLC (hereinafter Main St.). The subject property (hereinafter the property) was located in the New Cassel Industrial Area (hereinafter the NCIA) in Westbury. Main St. financed the purchase with a mortgage loan and note from Realty to Main St. and the defendant 19 Liberty, Ltd. (hereinafter Liberty). The individual defendants, Samuel Padilla and Alexander Holuka, signed a guaranty relating to the obligations under the mortgage and note, and their signatures appeared on the contract of sale (hereinafter the contract), as "guarantors." The parties were aware of certain environmental conditions affecting the property, as well as liabilities arising from those conditions, so they negotiated detailed provisions, including indemnification agreements, to account for those conditions. The contract reflected, among other things, that Realty was presently involved in an environmental cleanup of the property pursuant to certain obligations it assumed in a 1999 consent order with the New York State Department of Environmental Conservation, and provided that, upon purchas-

ing the property, Main St. would assume the cleanup obligations required in the 1999 consent order. In August 2007 Realty assigned its rights under the mortgage and note to the plaintiff BelleSys, Inc. (hereinafter BelleSys).

In June 2008 Realty notified the defendants that it had been named as a defendant former owner of contaminated premises in an action commenced by the State of New York in the United States District Court for the Eastern District of New York pursuant to state law and section 107 (a) (2) (42 USC § 9607 [a] [2]) of the Comprehensive Environmental Response, Compensation, and Liability Act, known as CERCLA, 42 USC § 9601 *et seq.* (hereinafter the Federal Action). The State sought to recover the costs of remediating groundwater pollution emanating from the area in which the property was located, which was alleged to have commingled with groundwater pollution from other sites within the NCIA to form a "plume" of pollutants that contaminated areas south of the NCIA.

Realty demanded that the defendants indemnify it for the costs of defending the Federal Action pursuant to the indemnity provision in the contract and the guarantees which the individual defendants signed. The defendants refused Realty's demand, and Realty and BelleSys (hereinafter together the plaintiffs) commenced this action to recover damages for breach of contract and for a judgment declaring that the defendants are obligated to indemnify Realty for, inter alia, the costs of defending the Federal Action. After issue was joined, the defendants moved for summary judgment, in effect, declaring that they were not obligated to indemnify Realty for, among other things, the costs of defending the Federal Action and dismissing the first and second causes of action to recover damages for breach of contract. The defendants contended, inter alia, that the contract did not require them to indemnify Realty for environmental conditions that emanated from the property and caused off-site contamination.

"Interpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]; *see U.S. Home Corp. v Elm Farm Assoc., LLC*, 71 AD3d 667, 668-669 [2010]; *Pierson v Empire State Land Assoc., LLC*, 65 AD3d 1114 [2009]; *Charter Realty & Dev. Corp. v New Roc Assoc.*, 293 AD2d 438, 439 [2002]). A court should not imply a term which the parties themselves failed to include (*see Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446 [2006]). Further, in the absence of a legal

duty to indemnify, a contract for indemnification should be strictly construed to avoid imputing any duties which the parties did not intend to assume (*see Mikulski v Adam R. West, Inc.*, 78 AD3d 910, 911 [2010]; *Quality King Distribs., Inc. v E & M ESR, Inc.*, 36 AD3d 780, 782 [2007]).

The defendants failed to establish their prima facie entitlement to judgment as a matter of law with respect to Realty (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Blanche, Verte & Blanche, Ltd. v Joseph Mauro & Sons*, 79 AD3d 1082 [2010]; *Qlisanr, LLC v Hollis Park Manor Nursing Home, Inc.*, 51 AD3d 651 [2008]). Specifically, the defendants failed to establish, prima facie, that the indemnification provisions of the contract, including sections 5.04, 5.05, 5.07, and 5.08, when read together, did not obligate them to indemnify Realty with respect to the subject matter of the Federal Action. Consequently, the Supreme Court properly determined that the defendants were not entitled to summary judgment with respect to Realty.

The Supreme Court erred, however, in denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by BelleSys. Although BelleSys is the proper assignee of the obligations owed under the note and the mortgage, there was no allegation that the defendants breached any of these obligations. The plaintiffs' reliance on paragraph 41 (g) of the mortgage is misplaced. That provision requires the mortgagor to indemnify the mortgagee and its assigns from any claims relating to the mortgagor's breach of the indemnity provisions of the contract, but it is undisputed that BelleSys is not a party to the Federal Action. Accordingly, the defendants established their prima showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted by BelleSys by demonstrating that BelleSys has no cause of action for indemnification for claims relating to Realty's defense of the Federal Action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The defendants' remaining contention is without merit. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32654(U).]**