■ VINCENT LAWSON et al., Plaintiffs, v R&L CARRIERS, INC., Defendant/Third-Party Plaintiff-Appellant. TRUCK-RITE DISTRIBUTION SYSTEMS CORP., Third-Party Defendant-Respondent. [6 NYS3d 109]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered January 24, 2013, which denied its motion for summary judgment on its third-party cause of action for contractual indemnification.

Ordered that the order is affirmed, with costs.

The plaintiff Vincent Lawson (hereinafter the injured plaintiff) allegedly was injured when he was standing on a liftgate on a shipping trailer owned by the defendant/third-party plaintiff, R&L Carriers, Inc. (hereinafter R&L). The liftgate broke and he fell to the ground. At the time, the injured plaintiff was employed as a truck driver by the third-party defendant, Truck-Rite Distribution Systems Corp. (hereinafter Truck-Rite). Prior to the accident, Truck-Rite and R&L had entered into an agreement (hereinafter the agreement) whereby Truck-Rite would handle and transport freight for R&L. Paragraph 3 of the agreement provides, in pertinent part, that Truck-Rite would "hold harmless and indemnify" R&L "against any and all claims asserted against [R&L] arising from the actions, omissions, or negligence of [Truck-Rite's]

employees, agents, or servants." Paragraph 19 of the agreement states, in relevant part, that R&L "shall be held harmless and indemnified" by Truck-Rite "for any claim of injury or damage arising out of this Agreement unless such injury or damage is caused by" R&L.

The injured plaintiff and his wife, suing derivatively (hereinafter together the plaintiffs), commenced this action against R&L. R&L then commenced a third-party action against Truck-Rite seeking indemnification, and moved for summary judgment on its cause of action for contractual indemnification, arguing that the agreement fully indemnified it against any claims by the plaintiffs. The Supreme Court denied the motion.

" 'The right to contractual indemnification depends upon the specific language of the contract' " (*Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 722 [2011], quoting *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]; *see Alayev v Juster Assoc., LLC*, 122 AD3d 886, 887 [2014]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (*Alayev v Juster Assoc., LLC*, 122 AD3d at 887; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]).

Here, R&L failed to establish its prima facie entitlement to judgment as a matter of law on its cause of action for contractual indemnification. Reading paragraph 3 of the agreement together with paragraph 19 (*see Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium*, 65 AD3d 985, 986-987 [2009]), Truck-Rite is required to indemnify R&L "against any and all claims asserted against [R&L] arising from the actions, omissions, or negligence of [Truck-Rite's] employees, agents or servants," but is not required to indemnify R&L if "such injury or damage is caused by" R&L. R&L failed to demonstrate that it did not cause the injured plaintiff's injury. Furthermore, R&L failed to demonstrate that this action arose from an action, omission, or negligence on the part of a Truck-Rite employee. Under these circumstances, R&L failed to establish its prima facie entitlement to judgment as a matter of law.

R&L's remaining contention is without merit.

Accordingly, the Supreme Court properly denied R&L's motion for summary judgment on its third-party cause of action for contractual indemnification, without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Hall, Miller and Duffy, JJ., concur.