■ JEAN-PAUL JARDIN, Appellant-Respondent, v A VERY SPECIAL PLACE, INC., Defendant/Third-Party Plaintiff-Respondent-

Appellant, and KANG SUK CONSTRUCTION, INC., Respondent. TRINITY INTERIOR COATINGS, INC., et al., Third-Party Defendants. (Appeal No. 1.) JEAN-PAUL JARDIN, Plaintiff, v A VERY SPECIAL PLACE, INC., Defendant/Third-Party Plaintiff-Appellant, and KANG SUK CONSTRUCTION, INC., Respondent. TRINITY INTERIOR COATINGS, INC., et al., Third-Party Defendants. (Appeal No. 2.) [30 NYS3d 270]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ash, J.), entered March 24, 2014, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendant/third-party plaintiff cross-appeals from so much of the same order as denied that branch of its cross motion which was for conditional summary judgment on its cross claim for contractual indemnification against the defendant Kang Suk Construction, Inc., and (2) the defendant/third-party plaintiff appeals from so much of an order of the same court entered October 29, 2014, as, upon reargument, adhered to the original determination in the order entered March 24, 2014, denying those branches of its cross motion which were for conditional summary judgment on its cross claim for contractual indemnification against the defendant Kang Suk Construction, Inc., and on its third-party cause of action for contractual indemnification against the third-party defendant Trinity Interior Coatings, Inc.

Ordered that the order entered March 24, 2014, is affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that the cross appeal from the order entered March 24, 2014, is dismissed, as the portion of that order cross-appealed from was superseded by the order entered October 29, 2014, made upon reargument; and it is further,

Ordered that the order entered October 29, 2014, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order entered March 24, 2014, denying that branch of the cross motion of the defendant/third-party plaintiff which was for conditional summary judgment on its cross claim for contractual indemnification against the defendant Kang Suk Construction, Inc., and substituting therefor a provision, upon reargument, vacating the determination in the order entered March 24, 2014, denying that branch of the cross motion of the defendant/third-party plaintiff, and

thereupon granting that branch of the cross motion; as so modified, the order entered October 29, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant/third-party plaintiff, payable by the defendant Kang Suk Construction, Inc., one bill of costs is awarded to the defendant Kang Suk Construction, Inc., payable by the plaintiff, and one bill of costs is awarded to the defendant/third-party plaintiff, payable by the plaintiff.

On April 29, 2010, the plaintiff allegedly sustained injuries while working at a construction site owned by the defendant A Very Special Place, Inc. (hereinafter VSP), when he fell from an unsecured ladder that shifted as he was trying to reach the roof of the building. The defendant Kang Suk Construction, Inc. (hereinafter Kang Suk), was the general contractor at the site. One of the subcontractors performing work at the site, the third-party defendant Trinity Interior Coatings, Inc. (hereinafter Trinity), subcontracted some of its work to the plaintiff's employer, the third-party defendant C.R.M. Home Improvements Corp. (hereinafter CRM). VSP and Kang Suk entered into a contract which provided, inter alia, that "[t]o the fullest extent permitted by law . . . [Kang Suk] shall indemnify and hold harmless [VSP] . . . from and against claims, damages, losses and expenses . . . arising out of or resulting from performance of the Work, . . . but only to the extent caused by the negligent acts or omissions of [Kang Suk], a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable." Kang Suk and Trinity executed an indemnification, hold harmless, and insurance agreement, dated June 25, 2010, which provided, inter alia, that Trinity "agrees to defend, indemnify, and hold harmless" Kang Suk and VSP "from and against any and all claims . . . arising in whole or in part and in any manner from acts, omissions, breach or default of [Trinity], in connection with [the] performance of any work by [Trinity], its officers, directors, agents, employees and subcontractors."

The plaintiff commenced this personal injury action against VSP and Kang Suk, alleging, inter alia, a violation of Labor Law § 240 (1). VSP asserted a cross claim against Kang Suk seeking, inter alia, contractual indemnification. VSP also commenced a third-party action against Trinity seeking, inter alia, contractual indemnification. The plaintiff moved for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. VSP cross-moved, inter alia, for conditional summary judgment on its cross claim and third-party cause of

action for contractual indemnification. The Supreme Court denied the plaintiff's motion and those branches of VSP's cross motion. VSP moved for leave to reargue and renew its prior motion. The court granted that branch of VSP's motion which was for leave to reargue, and adhered to its prior determination.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on that cause of action by submitting evidence that the unsecured ladder that he was standing on shifted, causing him to fall (*see Grant v City of New York*, 109 AD3d 961, 962 [2013]; *Gonzalez v AMCC Corp.*, 88 AD3d 945, 946 [2011]). In opposition to the plaintiff's prima facie showing, Kang Suk and VSP raised triable issues of fact as to whether the plaintiff was authorized to be at the renovation site at the time of his accident (*see Lazri v Kingston City Consol. School Dist.*, 95 AD3d 1642, 1644 [2012]; *Haque v Crown Hgts. NRP Assoc., LP*, 33 AD3d 864 [2006]) and, in any event, whether anyone had instructed the plaintiff to access the roof of the building (*see John Klewin Bldg. Co., Inc.*, 94 AD3d 1502, 1503-1504 [2012]; *Serrano v Popovic*, 91 AD3d 626, 627 [2012]).

The Supreme Court providently exercised its discretion in considering the affidavit of CRM's president despite the court's previously issued order of preclusion, which prohibited CRM from offering or submitting any testimony or affidavits in this matter. The order of preclusion, while prohibiting CRM from offering any testimony or evidence in this matter, did not prohibit VSP or Kang Suk from proffering evidence in this action, including an affidavit from CRM's president (*see Denn v Hardwick*, 97 AD3d 629, 630 [2012]; *Quintanilla v Harchack*, 259 AD2d 681, 682 [1999]). Moreover, contrary to the plaintiff's contention, the statements in the affidavit did not conflict with the president's prior statements made in a form submitted to the Workers' Compensation Board.

The Supreme Court improperly denied that branch of VSP's cross motion which was for conditional summary judgment on its cross claim for contractual indemnification from Kang Suk. " 'A court may render a conditional judgment on the issue of contractual indemnity, pending determination of the primary action so that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed' " (*Arriola v City of New York*, 128 AD3d 747, 748-749 [2015], quoting *Jamindar v Uniondale Union Free*

*School Dist.*, 90 AD3d 612, 616 [2011]; *see Rodriguez v Tribeca 105, LLC*, 93 AD3d 655, 657-658 [2012]). "The party seeking contractual indemnification must establish that it was free from negligence and that it may be held liable solely by virtue of statutory or vicarious liability" (*Arriola v City of New York*, 128 AD3d at 749). VSP established that it was free from any negligence in the happening of the accident and that it may be held liable solely by virtue of statutory or vicarious liability. Accordingly, VSP was entitled to a conditional order of summary judgment on its cross claim for contractual indemnification from Kang Suk (*see Van Nostrand v Race & Rally Constr. Co., Inc.*, 114 AD3d 664, 667-668 [2014]).

However, VSP was not entitled to conditional summary judgment on its third-party cause of action for contractual indemnification from Trinity. The indemnification, hold harmless, and insurance agreement entered into between Kang Suk and Trinity was dated June 25, 2010, several weeks after the plaintiff's accident. An indemnification agreement cannot be held to have a retroactive effect unless, by its express words or necessary implication, it clearly appears to be the parties' intention to include past obligations (*see Mikulski v Adam R. West, Inc.*, 78 AD3d 910, 912 [2010]; *Quality King Distribs., Inc. v E & M ESR, Inc.*, 36 AD3d 780, 782 [2007]). "Interpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]; *see Maser Consulting, P.A. v Viola Park Realty, LLC*, 91 AD3d 836, 837 [2012]). There is no indication in the indemnification, hold harmless, and insurance agreement between Kang Suk and Trinity that it was intended to apply retroactively. Thus, testimony from Kang Suk's president that the agreement was intended to be part of a contract executed prior to the plaintiff's accident is extrinsic evidence that should not be considered (*compare Mikulski v Adam R. West, Inc.*, 78 AD3d at 912, *with Quality King Distribs., Inc. v E & M ESR, Inc.*, 36 AD3d at 782).

The plaintiff's remaining contention is without merit. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.