■ DANIEL PEREZ JUAREZ, Plaintiff, v RYE DEPOT PLAZA, LLC, et al., Defendants. RYE DEPOT PLAZA, LLC, et al., Third-

Party Plaintiffs-Appellants, v GFX SITE DEVELOPMENT, INC., Doing Business as GROUNDSEFFECTS LANDSCAPING, INC., Third-Party Defendant-Respondent. [31 NYS3d 875]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered April 1, 2015, which denied defendants/third-party plaintiffs' (Rye and Imajan) motion for summary judgment on their contractual indemnification claim against third-party defendant (GFX), unanimously affirmed, with costs.

Rye and Imajan failed to establish prima facie either that GFX executed the indemnification agreement before plaintiff's accident or that the agreement was intended to be retroactive (*see Mikulski v Adam R. West, Inc.*, 78 AD3d 910 [2d Dept 2010]). Neither Rye's principal nor GFX's principal recalled when the undated agreement was signed. Nor does the conclusory affidavit by the controller of Imajan's manager establish the date on which the agreement was signed. As to retroactivity, the agreement contains no "express words or necessary implication [by which] it clearly appears to be the parties' intention to include past obligations" (*see Mikulski*, 78 AD3d at 911 [internal quotation marks omitted]). Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.