■ KRSTE CACANOSKI, Appellant, v 35 CEDAR PLACE ASSOCIATES, LLC, Defendant/Third-Party Plaintiff-Respondent. SUPERIOR ABATEMENT, INC., Third-Party Defendant-Appellant. [47 NYS3d 71]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated September 29, 2014, as denied his motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), and the third-party defendant separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from by the plaintiff, on the law, and the plaintiff's motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the third-party defendant; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant third-party plaintiff, and one bill of costs is awarded to the defendant third-party plaintiff, payable by the third-party defendant.

On July 18, 2012, the plaintiff allegedly was injured when he fell through a skylight of a building owned by the defendant third-party plaintiff, 35 Cedar Place Associates, LLC (hereinafter Cedar Place). The plaintiff had been engaged in asbestos removal work pursuant to an agreement between his employer, the third-party defendant, Superior Abatement, Inc. (hereinafter Superior), and Cedar Place. The plaintiff was not wearing a harness when he fell through the skylight, and it is undisputed that anchor points for the harnesses had not been completed when the plaintiff fell. The plaintiff commenced this action against Cedar Place alleging, inter alia, a violation of Labor Law § 240 (1). Cedar Place commenced a third-party action against Superior seeking contractual indemnification under a subcontract that was executed after the plaintiff's accident. After discovery, the plaintiff moved for summary judgment on the Labor Law § 240 (1) cause of action, and Superior separately moved for summary judgment dismissing the third-party complaint. The Supreme Court denied both motions, and the plaintiff and Superior separately appeal.

Under Labor Law § 240 (1), owners and general contractors, and their agents, have a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]; Probst v 11 W. 42 Realty Invs., LLC, 106 AD3d 711, 711 [2013]). To succeed on a cause of action under Labor Law § 240 (1), a plaintiff must establish that the defend-

ant violated its duty and that the violation proximately caused the plaintiff's injuries (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.,* 22 NY3d 658, 662-663 [2014]; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287-288 [2003]; *Przyborowski v A&M Cook, LLC,* 120 AD3d 651, 653 [2014]). A worker's comparative negligence is not a defense to a claim under Labor Law § 240 (1) and does not effect a reduction in liability (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d at 286; *Garzon v Viola,* 124 AD3d 715, 716-717 [2015]). When, however, the worker's own conduct is the sole proximate cause of the accident, no recovery under Labor Law § 240 (1) is available (*see Robinson v East Med. Ctr., LP,* 6 NY3d 550, 554 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d at 290).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence that he was not provided with necessary protection from the gravity-related risk of his work and that the absence of the necessary protection was a proximate cause of his injuries (*see Cruz v Cablevision Sys. Corp.,* 120 AD3d 744, 746 [2014]). In opposition, Cedar Place failed to raise a triable issue of fact as to whether the plaintiff's own conduct was the sole proximate cause of his injuries (*see Melchor v Singh,* 90 AD3d 866, 869-870 [2011]; *cf. Bascombe v West 44th St. Hotel, LLC,* 124 AD3d 812, 813 [2015]). Therefore, the plaintiff's motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) should have been granted (*see Cruz v Cablevision Sys. Corp.,* 120 AD3d at 747).

The Supreme Court properly, however, denied Superior's motion for summary judgment dismissing Cedar Place's third-party complaint. An employer may be held liable for contribution or indemnification only when its employee has sustained a grave injury as defined by the Workers' Compensation Law or when there is a "written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant" (Workers' Compensation Law § 11; *see Persaud v Bovis Lend Lease, Inc.,* 93 AD3d 831, 832 [2012]; *Mikulski v Adam R. West, Inc.,* 78 AD3d 910, 911 [2010]). The Workers' Compensation Law does not bar indemnification or contribution pursuant to a written agreement that was entered into after the employee's injury and which the parties agree will have retroactive effect (*see Stabile v Viener,* 291 AD2d 395, 396 [2002]). "[I]ndemnity contracts are to be strictly construed to avoid reading into them duties which the parties did not intend to be assumed"

(*Mikulski v Adam R. West, Inc.*, 78 AD3d at 911). Therefore, an indemnity contract will not be held to have retroactive effect "unless by its express words or necessary implication it clearly appears to be the parties' intention to include past obligations" (*Kane Mfg. Corp. v Partridge*, 144 AD2d 340, 341 [1988]; *see Mikulski v Adam R. West, Inc.*, 78 AD3d at 911).

Here, there has been no showing that the plaintiff suffered a grave injury as listed in the statute. Superior, however, failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the third-party complaint, as it failed to eliminate triable issues of fact as to whether the parties intended to apply the indemnification provision of the subcontract retroactively (*cf. Perez Juarez v Rye Depot Plaza, LLC*, 140 AD3d 464, 465 [2016]; *Mikulski v Adam R. West, Inc.*, 78 AD3d at 912; *Maxwell v Rockland County Community Coll.*, 78 AD3d 793, 795 [2010]; *Elescano v Eighth-19th Co., LLC*, 13 AD3d 80, 81 [2004]; *Manns v Norstar Bldg. Corp.*, 4 AD3d 799, 799 [2004]; *Stabile v Viener*, 291 AD2d 395, 396 [2002]). Accordingly, Superior's motion should have been denied without regard to the sufficiency of Cedar Place's papers submitted in opposition (*see Lawson v R&L Carriers, Inc.*, 126 AD3d 944, 945 [2015]). Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.