Zalewski v MH Residential 1, LLC (2018 NY Slip Op 05356)





Zalewski v MH Residential 1, LLC


2018 NY Slip Op 05356


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-00211
 (Index No. 6078/13)

[*1]Mariusz Zalewski, plaintiff-respondent, 
v
MH Residential 1, LLC, defendant third-party plaintiff- appellant-respondent; Enobrac Plumbing, Inc., third-party defendant-respondent-appellant, et al., third-party defendant.


Koster, Brady & Nagler LLP, New York, NY (Stuart Bernstein, Janine Peress, and Kara Suddock of counsel), for defendant third-party plaintiff-appellant-respondent.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Dennis S. Heffernan and Anne Marie Garcia of counsel), for third-party defendant-respondent-appellant.
William Schwitzer & Associates, P.C., New York, NY (Frank L. Lanza and Barry Semel-Weinstein of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals and the third-party defendant Enobrac Plumbing, Inc., cross-appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered December 1, 2015. The order, insofar as appealed from, granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as cross-appealed from, denied that branch of the cross motion of Enobrac Plumbing, Inc., which was for summary judgment dismissing the third-party cause of action for contractual indemnification asserted against it, granted that branch of the motion of the defendant third-party plaintiff which was for summary judgment on the third-party cause of action for contractual indemnification asserted against Enobrac Plumbing, Inc., and granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the cross appeal from so much of the order as granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is dismissed, as the third-party defendant Enobrac Plumbing, Inc., [*2]is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision denying that cross motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant third-party plaintiff which was for summary judgment on the third-party cause of action for contractual indemnification asserted against the third-party defendant Enobrac Plumbing, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed on the cross appeal; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff, payable by the plaintiff.
The plaintiff failed to meet his prima facie burden for summary judgment on the cause of action alleging a violation of Labor Law § 240(1) (see Zuckerman v City of New York, 49 NY2d 557, 562). The plaintiff's deposition testimony, which was relied upon in support of his cross motion, raises a triable issue of fact concerning how he was injured. Specifically, although the plaintiff testified that he was injured when he fell from a ladder, he also admitted that he told his treating physicians at the hospital that he was injured when he tripped and fell on the sidewalk (see Kamolov v BIA Group, LLC, 79 AD3d 1101, 1101-1102; Park v Ferragamo, 282 AD2d 588). Although the plaintiff offered an explanation as to why he gave a different account to his physicians as to how he was injured, "[i]t is not the court's function on a motion for summary judgment to assess credibility" (Ferrante v America Lung Assn., 90 NY2d 623, 631). Since the plaintiff failed to meet his prima facie burden, his cross motion should have been denied without regard to the sufficiency of MH's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Further, the Supreme Court should have denied that branch of MH's motion which was for summary judgment on the third-party cause of action for contractual indemnification asserted against the third-party defendant Enobrac Plumbing, Inc. (hereinafter Enobrac). "[W]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Lawson v R & L Carriers, Inc., 154 AD3d 836, 839 [internal quotation marks omitted]; see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490; Mikulski v Adam R. West, Inc., 78 AD3d 910, 911). "Therefore, such an agreement cannot be held to have a retroactive effect unless by its express words or necessary implication it clearly appears to be the parties' intention to include past obligations" (Mikulski v Adam R. West, Inc., 78 AD3d at 911 [internal quotation marks omitted]; see Lafleur v MLB Indus., Inc., 52 AD3d 1087, 1088; Quality King Distribs., Inc. v E & M ESR, Inc., 36 AD3d 780, 782). "Thus, an indemnification agreement executed by a party after the plaintiff's accident occurred will not be applied retroactively in the absence of evidence that the agreement was made as of a date prior to the occurrence of the accident and that the parties intended the agreement to apply as of that date" (Mikulski v Adam R. West, Inc., 78 AD3d at 912; see Lafleur v MLB Indus., Inc., 52 AD3d at 1088; Podhaskie v Seventh Chelsea Assoc., 3 AD3d 361).
Here, MH failed to meet its prima facie burden for summary judgment on the third-party cause of action for contractual indemnification asserted against Enobrac, as the proof in support of its motion established that the agreement containing the indemnification clause was signed by [*3]Enobrac's president after the plaintiff's accident, and MH failed to eliminate triable issues of fact as to whether the parties intended the indemnification provision to apply retroactively (see Cacanoski v 35 Cedar Place Assocs. LLC, 147 AD3d 810, 812-813; Perez Juarez v Rye Depot Plaza, LLC, 140 AD3d 464, 465; Jardin v A Very Special Place, Inc., 138 AD3d 927, 931). Since MH failed to meet its prima facie burden, that branch of its motion should have been denied without regard to the sufficiency of Enobrac's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324).
We agree with the Supreme Court's denial of that branch of Enobrac's cross motion which was for summary judgment dismissing MH's third-party cause of action for contractual indemnification asserted against it. Enobrac failed to establish, as a matter of law, that the parties did not intend the indemnification provision to apply retroactively (see Cacanoski v 35 Cedar Place Assocs. LLC, 147 AD3d at 812-813; Perez Juarez v Rye Depot Plaza, LLC, 140 AD3d at 465; Jardin v A Very Special Place, Inc., 138 AD3d at 931).
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court