Bronx 360 Realty, LLC v Longwood Residences, L.P. (2019 NY Slip Op 03315)





Bronx 360 Realty, LLC v Longwood Residences, L.P.


2019 NY Slip Op 03315


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-07383
 (Index No. 604312/15)

[*1]Bronx 360 Realty, LLC, et al., appellants,
v
Longwood Residences, L.P., et al., respondents.


Sonnenklar & Levy, P.C., New Hyde Park, NY (Weiss Zarett Brofman [Michael D. Brofman], of counsel), for appellants.
Goldberg & Weinberger, New York, NY (Stuart Weinberger of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendants are obligated to indemnify the plaintiffs for "withdrawal liability" assessed against the plaintiffs pursuant to the Employee Retirement Income Security Act of 1974, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered June 22, 2016. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the complaint and dismissing the defendants' counterclaims, and granted that branch of the defendants' cross motion which was, in effect, for summary judgment on their counterclaim for declaratory relief to the extent of declaring that the defendants are required to indemnify the plaintiffs only for that portion of the plaintiffs' "withdrawal liability" that is determined by an arbitrator to be attributable to "any decrease in employment of employees covered by [a] collective bargaining agreement . . . from the date of the closing [of the sale of the subject real properties] to March 14, 2015."
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
The plaintiffs were the owners of two buildings located in the Bronx. The employees of the two buildings were covered by a collective bargaining agreement (hereinafter the CBA) with Service Employees International Union, Local 32BJ. The CBA required the building owners to contribute to a multiemployer pension fund, the 32BJ North Pension Fund (hereinafter the pension fund). That pension plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 (hereinafter ERISA; 29 USC § 1001 et seq.), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (hereinafter MPPAA; 29 USC § 1381 et seq.).
In August 2012, the plaintiffs entered into a purchase and sale agreement to sell the two subject properties to nonparty Omni New York, LLC (hereinafter Omni). The closing occurred on June 27, 2013, at which time Omni assigned its interest in the two properties to the defendant Longwood Residences, L.P., of which the defendant Longwood Residences Developers, LLC, is the general partner (hereinafter together the defendants). The parties executed agreements pursuant to which the plaintiffs assigned their rights and obligations under the CBA to the defendants. The [*2]assignment agreements contained indemnification provisions. One of those provisions provided, inter alia, that the defendants were obligated to defend and indemnify the plaintiffs with respect to any liabilities or losses incurred "on account of any failure of [the defendants] to perform as provided in the Sale Agreement or herein or from any liability of [the defendants] in any way related to or arising from the Union Contract," including "any unfunded pension liability or withdrawal liability stemming therefrom . . . pertaining to events occurring from or after the Effective Date [June 27, 2013], including . . . any matter pertaining to the manner of the transfer and assignment of the Union Contract to [the defendants] or [the defendants'] assumption of . . . the Union Contract."
In August 2014, the pension fund notified the plaintiffs that it had determined that the sale of the buildings constituted a "complete withdrawal" from the pension fund pursuant to ERISA, rendering the plaintiffs responsible for "withdrawal liability" in the sums of $199,862 and $177,864. In July 2015, the plaintiffs commenced this action, inter alia, for a judgment declaring that the defendants were obligated to indemnify the plaintiffs for "withdrawal liability" assessed against the plaintiffs pursuant to ERISA based on the terms of the indemnification agreement. The defendants answered the complaint and interposed counterclaims seeking, inter alia, a judgment declaring that the plaintiffs were required to pay the withdrawal liability.
Subsequently, the plaintiffs moved for summary judgment on the complaint and dismissing the defendants' counterclaims, and the defendants cross-moved for summary judgment dismissing the complaint and, in effect, on their counterclaim for declaratory relief. In the order appealed from, the Supreme Court denied the plaintiffs' motion, and granted that branch of the defendants' cross motion which was, in effect, for summary judgment on their counterclaim for declaratory relief to the extent of declaring that the defendants are required to indemnify the plaintiffs only for that portion of the plaintiffs' "withdrawal liability" that is determined by an arbitrator to be attributable to "any decrease in employment of employees covered by [a] collective bargaining agreement . . . from the date of the closing [of the sale of the subject real properties] to March 14, 2015." The plaintiffs appeal.
"Under MPPAA an employer who withdraws from a multiemployer plan, with certain exceptions, is assessed withdrawal liability,' that is, the employer is required to continue funding its proportionate share of the plan's unfunded vested benefits" (ILGWU Natl. Retirement Fund v Levy Bros. Frocks, Inc., 846 F2d 879, 881 [2d Cir], citing 29 USC §§ 1381, 1391). The MPPAA permits an employer to avoid withdrawal liability where its sale of assets "meets certain requirements, all of which are designed to shift the obligation for [benefit] contributions to the purchaser while leaving the seller secondarily liable for a five-year period after the sale" (Central States, Southeast & Southwest Areas Pension Fund v Bell Transit Co., 22 F3d 706, 711 [7th Cir; internal quotation marks omitted]; see 485 Shur LLC v Lightstone Acquisitions III LLC, 2018 NY Slip Op 30015[U] [Sup Ct, NY County). An employer is not responsible for withdrawal liability, inter alia, where the purchaser of the assets has an obligation to contribute to the plan for substantially the same number of contribution base units for which the seller had an obligation to contribute to the plan; the purchaser provides a bond in an amount calculated under the statute; and the seller has a contractual obligation for secondary liability during the first five years following the sale (see 29 USC § 1384[a][1]; Central States, Southeast & Southwest Areas Pension Fund v Bell Transit Co., 22 F3d at 710).
Here, the defendants established their prima facie entitlement to judgment as a matter of law on their counterclaim by demonstrating that neither the purchase and sale agreement nor the assignment agreements obligated the defendants to provide a bond, or contained a provision stating that the defendants were secondarily liable for any withdrawal liability occurring during the statutory period (see 485 Shur LLC v Lightstone Acquisitions III LLC, 2018 NY Slip Op 30015[U]; HOP Energy, L.L.C. v Local 553 Pension Fund, 678 F3d 158, 162 [2d Cir]). Furthermore, the defendants demonstrated, prima facie, that the assessment of withdrawal liability against the plaintiffs did not result from the actions of the defendants on or after the date of closing (cf. 2632 Realty Dev. Corp. v 299 Main St., LLC, 94 AD3d 743, 746). In opposition, the plaintiffs failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' counterclaims, and to grant that branch of the defendants' cross motion which was, in effect, for summary judgment on their counterclaim for declaratory relief to the extent of declaring that the defendants are required to indemnify the plaintiffs only for that portion of the plaintiffs' "withdrawal liability" that is determined by an arbitrator to be attributable to "any decrease in employment of employees covered by [a] collective bargaining agreement . . . from the date of the closing to March 14, 2015."
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate declaratory judgment in accordance herewith (see Lanza v Wagner, 11 NY2d 317).
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court