■ GERMAN PENA, Plaintiff, v CHATEAU WOODMERE CORP. et al., Appellants-Respondents, et al., Defendant. CHATEAU WOODMERE CORP., Third-Party Plaintiff-Respondent-Appellant, v BERNINI CONSTRUCTION, Third-Party Defendant-Appellant-Respondent. [759 NYS2d 451] —Order, Supreme Court, Bronx

County (Bertram Katz, J.), entered May 28, 2002, which, to the extent appealed from as limited by the briefs, denied third-party defendant's motion to dismiss the third-party complaint and a cross claim by defendant and denied defendant and third-party plaintiff's cross motion for summary judgment against third-party defendant on the issue of its contractual obligation to indemnify defendants, unanimously modified, on the law, so as to grant the cross motion, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

Plaintiff was injured in a fall from a scaffold while employed by third-party defendant Bernini Construction, a contractor hired to perform exterior waterproofing on premises owned by defendant and third-party plaintiff Chateau Woodmere and managed by defendant Leebar. Defendant Chateau impleaded Bernini into this action, seeking judgment based upon the contractual indemnification provision of a standard Architectural Institute of America (AIA) contract signed by Bernini's vice-president and Leebar's representative on behalf of Chateau on December 10, 1998. Pursuant to this provision, "the Contractor shall indemnify and hold harmless the Owner * * * ." Bernini moved to dismiss the third-party complaint and a cross claim asserted by Leebar on the ground that the AIA contract had not been in existence on November 13, 1998, the date of the accident. Defendants opposed on the ground that the contract expressly provides that the date on which it commences is not December 10, 1998, the date on which it was signed, but November 10, 1998, three days before plaintiff's accident.

The issue on appeal is whether the AIA contract is enforceable under Workers' Compensation Law § 11, which provides that an employer's liability is "exclusive and in place of any other liability whatsoever, to [an] employee * * * or any person otherwise entitled to recover damages, contribution or indemnity, * * * on account of [an] injury or death or liability arising therefrom * * *" and that "the terms 'indemnity' and 'contribution' shall not include a claim or cause of action for contribution or indemnification based upon a provision in a written contract *entered into prior to the accident* * * *" (emphasis added).

A term in a contract executed after a plaintiff's accident may be applied retroactively where evidence establishes as a matter of law that the agreement pertaining to the contractor's work "was made 'as of' [a pre-accident date], and that the parties intended that it apply as of that date" (*Stabile v Viener*, 291 AD2d 395, 396 [2002], *lv dismissed* 98 NY2d 727 [2002]; *cf.*

*Burke v Fisher Sixth Ave. Co.*, 287 AD2d 410 [2001] ["Since there is nothing about these contracts to suggest that they were intended to have retroactive effect, summary judgment dismissing the third-party complaint was properly granted"]).

The retroactive term of the AIA contract signed by Bernini's vice-president and Chateau's agent is clear and unambiguous on its face. Article 2 of the contract provides that "[t]he date of commencement is the date from which the Contract Time * * * is measured, and shall be the date of the Agreement, as first written above, unless a different date is stated below * * * ." Stated directly below is the date November 10, 1998. Bernini's efforts to raise an issue of fact as to whether the parties intended this provision to apply retroactively are unavailing. Its president's assertion that its vice-president was "tricked into executing this post-accident AIA" is unexplained. Moreover, Bernini never argued that the contract was void or otherwise invalid.

In addition, before commencing work pursuant to a proposal accepted and signed by Leebar's property manager on November 2, 1998, Bernini provided Chateau with a certificate of insurance, dated November 3, 1998, for a commercial general liability policy naming Chateau and Leebar as additional insureds. Bernini argues that the only written contract between the parties that existed on November 10, 1998, i.e., the November 2, 1998 work proposal, contains no insurance procurement or indemnity obligations. However, the AIA contract requires certificates of such insurance to be filed with the owner prior to the commencement of the work. The fact that Bernini supplied Chateau with the November 3, 1998 certificate of insurance is persuasive evidence that it did so in anticipation of the AIA contract, especially since it has offered no other explanation for providing the certificate.

Bernini's claim that there is a discrepancy between Chateau's agent's deposition testimony and his later assertion in an affidavit is equally unavailing. There is no contradiction between a recollection of an ongoing understanding that the parties would enter into a standard AIA contract and a failure to recall specifically what prompted a request for such a contract on a particular date.

Accordingly, Workers' Compensation Law § 11 does not prohibit defendants from enforcing the indemnification provision of the written agreement, which the parties agreed to make retroactive to November 10, 1998, three days before plaintiff's accident (*see Stabile, supra*). Concur—Nardelli, J.P., Tom, Ellerin, Friedman and Marlow, JJ.