(December 7, 2004)

■ RUBEN ELESCANO, Plaintiff, v EIGHTH-19TH COMPANY, LLC, Defendant and Third-Party Plaintiff-Respondent. A & T CONSTRUCTION CORP., Third-Party Defendant-Appellant. [785 NYS2d 447]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about July 17, 2003, which granted third-party plaintiff's motion to reargue that portion of the court's March 6, 2003 order denying its cross motion for summary judgment on the issue of contractual indemnification over and against third-party defendant and, upon reargument, granted the cross motion, unanimously affirmed, without costs.

Plaintiff, an employee of third-party defendant (A&T), was al-

legedly injured at 11:45 A.M. on December 8, 2000 while working at defendant/third-party plaintiff's (Eighth) premises at 259 West 19th Street in Manhattan. The agreement under which this work was to be done was drafted by A&T and included an indemnification clause favoring Eighth for "claims . . . arising out or resulting from performance of the Work." The facts are unclear regarding when the agreement was executed.

Workers' Compensation Law § 11 has been held to provide that "[a] term in a contract executed after a plaintiff's accident may be applied retroactively where evidence establishes as a matter of law that the agreement pertaining to the contractor's work 'was made "as of" [a preaccident date], and that the parties intended that it apply as of that date' " (*Pena v Chateau Woodmere Corp.*, 304 AD2d 442, 443 [2003], *appeal dismissed* 2 AD3d 1488 [2003], quoting *Stabile v Viener*, 291 AD2d 395, 396 [2002], *lv dismissed* 98 NY2d 727 [2002]).

In the case before us, the first page of the parties' agreement states that it was "made as of the 8th day of December" without indicating a year. Article 2 of the agreement states, in part, that "the date of commencement . . . shall be the date of this Agreement, as first written above, unless a different date is stated below . . . (Insert the date of commencement, if it differs from the date of this Agreement . . . December 10, 2000)." Finally, just above the signature lines at the end of the agreement, it states that "[t]his Agreement entered into as of the day and year first written above."

We find that the motion court properly concluded, in accordance with the *Pena-Stabile* rule, that the evidence establishes that the agreement was made "as of" December 8, 2000, date of execution notwithstanding. The court correctly relied upon the express language of the agreement and the deposition testimony of an A&T employee that the work commenced December 8, 2000. Furthermore, the court correctly noted that A&T failed to sustain its burden to present evidence refuting Eighth's assertion that the agreement was to be inclusive of that date, and properly resolved the issue of the time on that date when the agreement was intended to go into effect, absent any specific contractual expression. Hence, the agreement, and its indemnification clause, was in effect pursuant to Workers' Compensation Law § 11 at the time and date that plaintiff was injured. Concur—Buckley, P.J., Nardelli, Andrias, Williams and Gonzalez, JJ.