■ JOSEPH CINQUEMANI et al., Plaintiffs, v OLD SLIP ASSOCIATES, LP, et al., Defendants, TURNER CONSTRUCTION, Respondent, and BELT PAINTING CORP., Appellant. [912 NYS2d 224]—

In an action to recover damages for personal injuries, etc., the defendant Belt Painting Corp. appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 2, 2009, which granted the motion of the defendant Turner Construction for leave to reargue that branch of the prior motion of that defendant which was for summary judgment on the cross claim of that defendant for contractual indemnification against Belt Painting Corp. which had been conditionally granted by order dated July 2, 2008, and, upon reargument, vacated the order dated July 2, 2008, and unconditionally granted that branch of the motion.

Ordered that the order dated February 2, 2009, is affirmed, with costs.

Contrary to the contention of the defendant Belt Painting Corp. (hereinafter Belt), the defendant Turner Construction (hereinafter Turner) did not improperly submit new facts in support of its motion for leave to reargue (*see* CPLR 2221 [d] [2]).

Upon reargument, the Supreme Court properly granted that branch of Turner's prior motion which was for summary judgment on its cross claim for contractual indemnification against

Belt. Turner made a prima facie showing of its entitlement to summary judgment by submitting evidentiary proof that Belt was required, to the extent permitted by law, to indemnify it for any damages arising out of Belt's work under the terms of the parties' 1996 Master Agreement (*see Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772 [2010]; *Caballero v Benjamin Beechwood, LLC*, 67 AD3d 849, 852 [2009]). The Master Agreement was expressly incorporated into the subcontract job order for the work which Belt was performing on the date the plaintiff Joseph Cinquemani was allegedly injured. Although the subcontract job order was not signed until after the alleged injury occurred, Turner's evidentiary submissions demonstrated prima facie that it was intended to apply retroactively, and thus was in effect on the date of the subject incident (*see Podhaskie v Seventh Chelsea Assoc.*, 3 AD3d 361, 362 [2004]; *Pena v Chateau Woodmere Corp.*, 304 AD2d 442, 443-444 [2003]; *Stabile v Viener*, 291 AD2d 395, 396 [2002]). Furthermore, the indemnity provision of the Master Agreement unambiguously required Belt to indemnify Turner for defense costs incurred in connection with the instant action. In opposition to Turner's prima facie showing that it was entitled to contractual indemnification, Belt failed to raise a triable issue of fact.

The parties' remaining contentions are without merit. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.

Motion by the respondent to strike stated portions of the appellant's reply brief on an appeal from an order of the Supreme Court, Kings County, dated February 2, 2009, or, in the alternative, for leave to file a surreply brief. By decision and order on motion of this Court dated March 13, 2010, that branch of the motion which was to strike stated portions of the appellant's reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof, and that branch of the motion which was for leave to file a surreply brief was denied.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike stated portions of the appellant's reply brief is denied. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.