■ VICTOR SAAVEDRA, Appellant, v 89 PARK AVENUE LLC et al., Respondents. [39 NYS3d 462]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered April 7, 2016, which denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.

Denial of summary judgment on plaintiff's claim pursuant to Labor Law § 240 (1) was in error where plaintiff electrician was injured when he fell from an A-frame ladder as he was attempting to descend it. Plaintiff's use of a six-foot ladder that required him to stand on the top step did not make him the sole proximate cause of his accident where the eight-foot ladder could not be opened in the space due to the presence of construction debris (*see Noor v City of New York*, 130 AD3d 536 [1st Dept 2015], *lv dismissed* 27 NY3d 975 [2016]; *Keenan v Simon Prop. Group, Inc.*, 106 AD3d 586 [1st Dept 2013]). Defendants' reliance on the affidavit of the high-rise superintendent is misplaced. Although the superintendent speculated that there was sufficient space to open an eight-foot ladder, this was inconsistent with his prior deposition testimony and was thus calculated to create a feigned issue of fact (*see e.g. Pinto v Selinger Ice Cream Corp.*, 47 AD3d 496 [1st Dept 2008]).

Nor was plaintiff a recalcitrant worker (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]). While the site safety manager who worked for a subcontractor of defendants testified that she told plaintiff that he should not work in the room because it was unsafe due to all the debris, she explicitly denied that she directed plaintiff to stop work, explaining that she had no such authority. Moreover, prior communications between plaintiff and the safety manager, as well as the site safety logs and photographs, indicate that the debris was an

ongoing safety issue. On more than one occasion prior to the accident date, the site safety manager told plaintiff that she had passed along his complaints about the debris, and was trying to get the area cleaned. There was no reason for plaintiff to believe that, on the day of his accident, the site safety manager was directing him to cease working because of the recurring condition that was well known to both of them in the months prior. Concur—Acosta, J.P., Renwick, Saxe, Feinman and Kahn, JJ.