Hayek v Metropolitan Transp. Auth. (2021 NY Slip Op 04103)





Hayek v Metropolitan Transp. Auth.


2021 NY Slip Op 04103


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Index No. 159259/17 Appeal No. 14140 Case No. 2020-04257 

[*1]Samuel Hayek et al., Plaintiffs-Appellants,
v
Metropolitan Transportation Authority, et al., Defendants-Respondents.


Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for appellants.
Smith Mazure, PC, New York (Louise M. Cherkis of counsel), for respondents.



Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered August 10, 2020, which denied plaintiffs' motion for partial summary judgment as to liability under Labor Law §§ 240(1) and 241(6) against defendants Metropolitan Transportation Authority, The New York City Transit Authority, Metropolitan Transit Authority (Capital Construction Company) and Tutor Perini Building Corp., unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff Samuel Hayek demonstrated prima facie entitlement to summary judgment on his Labor Law § 240(1) claim, where the undisputed evidence showed that he was injured when struck by an improperly hoisted or inadequately secured load of L-shaped steel rebar weighing between 2000 and 3000 pounds, while doing construction work at defendant Metropolitan Transportation Authority's Eastside Access project, below Grand Central Terminal (see Gallegos v Bridge Land Vestry, LLC, 188 AD3d 566, 567-568 [1st Dept 2020]; Fraser v City of New York, 158 AD3d 428, 428 [1st Dept 2018]; McLean v Tishman Constr. Corp., 144 AD3d 534, 534-535 [1st Dept 2016]; Ray v City of New York, 62 AD3d 591 [1st Dept 2009]).
In opposition, defendants failed to raise a triable issue as to the statutory violation and whether plaintiff was the sole proximate cause of his injury. Given the undisputed evidence that plaintiff was following the directions of his foreman at the time of his injury, plaintiff cannot be the sole proximate cause of his injuries (see Vucetic v NYU Langone Med. Ctr., 173 AD3d 527, 527 [1st Dept 2019]; Harris v City of New York, 83 AD3d 104, 111 [1st Dept 2011]; Fernandez v BBD Developers, LLC, 103 AD3d 554, 555-556 [1st Dept 2013]).
Plaintiff is also entitled to partial summary judgment as to liability under Labor Law § 241(6) (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]), as the evidence is undisputed that no spreader bars were in place when hoisting the load of rebar, despite it being approximately 20 feet in length, in violation of Industrial Code § 23-8.1 (e)(3); and that the load was not boxed, in violation of Industrial Code § 23-8.1(e)(4). Moreover, it is undisputed that the load of rebar suddenly accelerated and fell on top of plaintiff, in violation of Industrial Code § 23-8.1(f)(2)(i); and the load was not properly secured and balanced, in violation of Industrial Code § 23-8.1(f)(1)(iv). We note that these Industrial Code sections have been held to be sufficiently specific to support a section 241(6) claim (see Mulhern v Manhasset Bay Yacht Club, 22 AD3d
470, 471 [2d Dept 2005]; Harris, 83 AD3d 104, 111; Albano v Cornell Tech, 2020 NY Slip Op 31107[U] [Sup Ct, NY County 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021