Martinez v Kingston 541, LLC (2022 NY Slip Op 06638)

Martinez v Kingston 541, LLC

2022 NY Slip Op 06638

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ. 

Index No. 150812/17, 595156/18, 595163/18 Appeal No. 16720 Case No. 2022-01074 

[*1]Juan Velasco Martinez, Plaintiff-Respondent,
v
Kingston 541, LLC, et al., Defendants, Midwood Living, LLC, Defendant-Appellant-Respondent, Busa Builders, LLC, Defendant-Respondent-Appellant. (And Other Third-Party Actions.)

Litchfield Cavo LLP, New York (Dana M. Catanzaro of counsel), for appellant-respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn (Andrew D. Showers of counsel), for respondent-appellant.
Alexander J. Wulwick, New York, for respondent.

Order, Supreme Court, New York County (Francis Kahn, III, J.), entered on or about October 19, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, and denied defendants Midwood Living, LLC's (Midwood) and Busa Builders, LLC's (Busa) motion for summary judgment dismissing that claim, denied Midwood's motion for summary judgment on its cross claims against Busa for contractual and common-law indemnification and for breach of contract for failure to procure insurance and for summary judgment dismissing Busa's common-law indemnification cross claim against it, and denied Busa's motion for summary judgment dismissing the cross claims against it, unanimously affirmed, without costs.
The court properly granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim. Plaintiff, a metal worker, met his prima facie burden by submitting his deposition showing that he fell after stepping on a wooden floor joist while trying to access the basement and that although he was wearing a harness, he was not tied off, because there was no place to tie off (see Anderson v MSG Holdings, L.P., 146 AD3d 401, 402 [1st Dept 2017]). Defendants Midwood and Busa failed to raise a triable issue of fact whether plaintiff was recalcitrant or the sole proximate cause of his injuries. Plaintiff was not recalcitrant for failing to use his safety harness because defendants failed to refute plaintiff's testimony that there was no place for him to tie off the harness and his work was not stationary thereby preventing being tied off (see id. at 403). It was undisputed that there were no metal beams around the ladder to the basement to which plaintiff could tie off his harness, that the tie-off cable was inaccessible because it was on the ground, and that the joists were blocked by plywood or other objects preventing plaintiff from tying off. Even if plaintiff was partially at fault for failing to tie off his harness, his comparative negligence is not a defense to a Labor Law § 240(1) claim (see id.).
Given the undisputed evidence that plaintiff was following the directions of his supervisors to walk on the joists and to not move the plywood, plaintiff cannot be the sole proximate cause of his injuries (see Hayek v Metropolitan Transp. Auth., 195 AD3d 568, 568 [1st Dept 2021]). Additionally, plaintiff cannot be the sole proximate cause of his injuries for failing to use an interior staircase to access the basement instead of the ladder because it was undisputed that the entrance to the staircase was locked and blocked by construction materials (see Eustaquio v 860 Cortlandt Holdings, Inc., 95 AD3d 548, 548-549 [1st Dept 2012]).
The court properly denied Midwood's motion seeking summary judgment on its cross claims. Regarding its cross claim for contractual indemnification, pursuant to the contract between Busa, as [*2]contractor, and Midwood, as owner, Midwood was required to show not only that plaintiff's claim was work related, but that Busa or its subcontractors were negligent, which Midwood failed to argue in its motion papers before the motion court; accordingly, the court properly denied that part of Midwood's motion. To the extent Midwood raises such arguments for the first time on appeal, they are not properly before this Court (see Sonnenschein v Douglas Elliman-Gibbons & Ives, 96 NY2d 369, 376-377 [2001]; Recovery Consultants v Shih-Hsieh, 141 AD2d 272, 276 [1st Dept 1988]; see also Foley v Roche, 68 AD2d 558, 568 [1st Dept 1979]).
Similarly, to the extent that Midwood argues that it was entitled to summary judgment on its common-law indemnification and failure to procure insurance cross claims against Busa, Midwood failed to address those issues in its motion papers, and the court properly denied summary judgment on those claims.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022