Garcia v 13 W. 38 LLC (2023 NY Slip Op 01137)

Garcia v 13 W. 38 LLC

2023 NY Slip Op 01137

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Moulton, J.P., González, Scarpulla, Shulman, JJ. 

Index No. 300076/15 Appeal No. 17442 Case No. 2021-03615 

[*1]Anthony G. Garcia, Plaintiff-Appellant-Respondent,
v
13 West 38 LLC et al., Defendants-Respondents-Appellants, Just Renovations & GC, LLC, et al., Defendants-Respondents.
13 West 38 LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Bene Rialto LLC et al., Third-Party Defendants-Respondents.
Fromark, Inc., Second Third-Party Plaintiff-Respondent,
v
NYC Management LLC., Second Third-Party Defendant-Respondent-Appellant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Smith Mazure, P.C., New York (Howard K. Fishman of counsel), for 13 West 38 LLC, and NYC Management LLC, respondents-appellants.
Gottlieb Siegel & Schwartz, LLP, New York (Desiree L. Berger of counsel), for Uplift Elevator Corp., respondent-appellant.
Rosenbaum & Tylor, P.C., White Plains (Scott Taylor of counsel), for Just Renovations & GC, LLC, respondent.
Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for Bene Rialto LLC, respondent.
Mead Hecht Conklin & Gallagher, LLP, White Plains (George P. Epstein II of counsel), for Fromark, Inc., respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered September 15, 2021, which, insofar as appealed from, granted defendants' separate motions for summary judgment dismissing the complaint, declined to grant summary judgment in favor of defendant 13 West 38 LLC and second third-party defendant NYC Management LLC (collectively, the owner defendants) on their contractual indemnification claims against defendant Bene Rialto LLC, granted the owner defendants' motion for summary judgment on their contractual indemnification claims against defendant Uplift Elevator Corp., granted Uplift's motion for summary judgment dismissing the owner defendants' common-law indemnification claims against it, and denied plaintiff's cross motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, unanimously modified, on the law and in the exercise of discretion, to the extent of granting summary judgment in favor of the owner defendants on their contractual indemnification claims against Bene Rialto, and otherwise affirmed, without costs.
Defendants each established their entitlement to summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims as against them. Plaintiff was not an employee of any defendant for purposes of the Labor Law. Plaintiff was not hired by any of the defendants or their agents, but was instead secretly hired and brought on to the construction site by a non-supervisory employee of defendant Uplift, the elevator subcontractor on the building renovation (see Stringer v Musacchia, 11 NY3d 212, 215 [2008]). The Uplift employee who purportedly hired plaintiff was not authorized by Uplift or any other contractor or owner to hire plaintiff to work at the construction site and that employee surreptitiously paid plaintiff in cash for his work after the accident. Defendants therefore cannot be deemed statutory agents because they did not have "supervisory control and authority over the work being done when the plaintiff [wa]s injured" (Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]). Similarly, because plaintiff had no authority to work at the premises, there was no nexus between 13 West 38th's work and plaintiff's work (see Morton v State of New York, 15 NY3d 50, 56 [2010]; Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 51 [2004]).
In addition, defendants were entitled to dismissal of the Labor Law § 200 and common-law negligence claims because "defendants had no ability to control" plaintiff or his work, which he undertook on a day when, in fact, no elevator work was scheduled (Russin v Louis N. Picciano & Son, 54 NY2d 311, 317 [1981]).
We reject plaintiff's argument that because of a December 4, 2014 decision of the New York City Environmental Control Board, defendants are collaterally estopped from disputing that he was "permitted or suffered to work" on the site (Labor Law § 2[7]). The December 4 decision did not decide any issue regarding the status of plaintiff's employment, and therefore[*2], the issue that plaintiff seeks to preclude is not identical to a material issue necessarily decided by the Environmental Control Board (see Jeffreys v Griffin, 1 NY3d 34, 39 [2003]).
Although Supreme Court stated that it denied "the claim for contractual indemnification by the owner defendants against Bene Rialto . . . as issues of fact exist," NYC Management did not, in fact, move for summary judgment on its claim for contractual indemnification against Bene Rialto; only 13 East 38 sought that relief. Nevertheless, given that NYC Management is included in the potential indemnitees enumerated in the indemnification provision of the lease, we reach this issue, which is based on a legal argument appearing on the face of the record that could not have been avoided had it been timely raised, to grant summary judgment in favor of the owner defendants on their contractual indemnification claims against Bene Rialto (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
Upon reaching the issue, we find that Bene Rialto failed to raise an issue of fact as to whether the lease between it and 13 West 38th, and in particular the lease's indemnification provision, was effective on the date of the accident. Although a paragraph in the lease rider initially states that the lease does not become binding until executed, the next three sentences of the same paragraph, along with the language of the main lease, clarify that the lease term is for a 10-year term and commenced on January 1, 2014, before the September 21, 2014 accident. Thus, even if the lease was not executed until after the accident, the accident occurred during the term of the lease, triggering the lease's indemnification provision.
The owner defendants' were also entitled to summary judgment on their contractual indemnification claims against Uplift. Although the indemnification provision "was not signed until after the alleged injury occurred," the owner defendants "demonstrated prima facie that it was intended to apply retroactively" (Cinquemani v Old Slip Assoc., LP, 77 AD3d 603, 604 [2d Dept 2010], because the indemnification provision expressly refers to the accident, denoting it by date (see Elescano v Eighth-19th Co., LLC, 13 AD3d 80, 81 [1st Dept 2004]). Contrary to Uplift's contention, the provision is not void under General Obligations Law § 5-322.1 on the ground that the provision requires Uplift to indemnify the owner defendants for their own negligence, as the owner defendants were free of negligence (see Nazario v 222 Broadway, LLC, 135 AD3d 506, 510 [1st Dept 2016], mod on other grounds 28 NY3d 1054 [2016]). Moreover, although Uplift argues that it was not negligent, the indemnification provision still applies, as it is not limited to Uplift's negligence or fault (see e.g. Valbuena v 650 Madison Ave. Owner, LLC, 191 AD3d 493 [1st Dept 2021], lv dismissed 37 NY3d 1041 [2021]).
Finally, Supreme Court properly dismissed the [*3]owner defendants' common-law indemnification claims against Uplift, because Uplift was not negligent and did not exercise supervision or control over the injury-producing work (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023