Solorzano v Lophijo Realty Corp. (2024 NY Slip Op 00749)

Solorzano v Lophijo Realty Corp.

2024 NY Slip Op 00749

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ.

Index No. 34669/19 Appeal No. 1522 Case No. 2023-01319 

[*1]Simon Solorzano, Plaintiff,
v
Lophijo Realty Corp., et al., Defendants.
Lophijo Realty Corp., et al., Third-Party Plaintiffs-Respondents,
v
Gotham Air, Third-Party Defendant-Appellant.

Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York (David S. Pasternak of counsel), for respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered November 18, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of defendants/third-party plaintiffs Lophijo Realty Corp. and Belleclaire Hotel LLC (together, the Belleclaire defendants) for summary judgment on their third-party claims for contractual indemnification and breach of contract for failure to obtain insurance, and denied third-party defendant Gotham Air's motion for summary judgment dismissing those claims, unanimously modified, on the law, to deny the Belleclaire defendants' motion with respect to their third-party claim for contractual indemnification and for breach of contract for failure to procure insurance, and to grant third-party defendant Gotham Air's motion dismissing the claim for breach of contract for failure to procure insurance, and otherwise affirmed, without costs.
In this personal injury action, the Belleclaire defendants failed to establish prima facie that the sample indemnification agreement shown to Gotham Air's witness at the deposition was valid and enforceable and that it applied to Gotham Air's work at the Belleclaire Hotel on the accident date of September 25, 2019. The agreement was undated, and no affidavit or testimony identified the agreement as applicable on September 25, 2019. Although Gotham Air's principal testified that he signed an undated document containing a hold harmless provision, that he forwarded the document to the Belleclaire Hotel's managing entity before the accident that caused plaintiff's injury, and that he understood the document and intended to be bound by it before starting any work, he did not acknowledge that the document he was shown at the deposition was the same document he signed and forwarded to Belleclaire's managing entity before commencing the work. The evidence thus did not establish a meeting of the minds on the material terms of the indemnification agreement (see Garcia v 13 W. 38 LLC, 214 AD3d 408, 409-410 [1st Dept 2023]).
In light of the evidence, there are issues of fact as to whether the agreement shown to the witness at the deposition was in effect at the time of plaintiff's accident (see id.). The Belleclaire defendants assertion that they were not named as additional insureds on Gotham Air's policy was uncorroborated by any documentary evidence such as the tender letter they purported to have sent to Gotham Air's insurance carrier or any affidavit from a person with first-hand knowledge (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Every contract between the parties required that defendants be included as additional insured. Gotham Air established prima facie that it satisfied its contractual obligation to procure insurance by producing a certificate of insurance in effect on the date of the accident that named defendants as additional insured, and by producing the insurance policy with blanket endorsements, which included as insured "any additional [*2]insureds as required by written contract" (see Langer v MTA Captial Constr. Co., 184 AD3d 401, 403 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024