Hasan v Macerich Co. (2025 NY Slip Op 03864)

Hasan v Macerich Co.

2025 NY Slip Op 03864

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 151984/20|Appeal No. 4637|Case No. 2024-02301|

[*1]Mohammed Hasan, Plaintiff-Respondent,
v
The Macerich Company et al., Defendants-Respondents-Appellants.
Macerich Property Management Company, LLC Initially Sued Herein as The Macerich Company et al., Third-Party Plaintiffs-Respondents-Appellants,
v
ABC Imaging, Inc., Third-Party Defendant-Appellant-Respondent. [And Another Third-Party Action]

Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for appellant-respondent.
The Law Offices of Seth M. Weinberg, PLLC, Hauppauge (Seth M. Weinberg of counsel), for respondents-appellants.
Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 19, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim; denied the motions of third-party defendant ABC Imaging, Inc. and defendants Macerich Property Management Company, LLC (i/s/h/a The Macerich Company, Macerich Property Management Company, The Macerich Partnership, L. P. and The Cadillac Fairview Corporation Limited), Queens Center SPE LLC (i/s/h/a Macerich Queens Center Limited Partnership), and M.A.C. Cosmetics, Inc. (collectively, Macerich or defendants) for summary judgment dismissing plaintiff's Labor Law § 240(1) claim; denied Macerich's motion for summary judgment on its breach of contract claim against ABC, but granted Macerich's motion on its contractual indemnification claim against ABC; granted ABC's motion for summary judgment dismissing Macerich's breach of contract claim against it, but denied ABC's motion as to Macerich's contractual indemnification and common-law indemnification and contribution claims, unanimously modified, on the law, to deny ABC's motion for summary judgment dismissing Macerich's breach of contract claim against it, and otherwise affirmed, without costs.
The court correctly granted plaintiff's motion for summary judgment on the Labor Law § 240(1) claim. Plaintiff made a prima facie showing that the ladder provided to him was inadequate in that he needed to stand on the top rung in order to reach his work (see Felker v Corning Inc., 90 NY2d 219, 224 [1997]; Saavedra v 89 Park Ave. LLC, 143 AD3d 615, 615 [1st Dept 2016]; Keenan v Simon Prop. Group, Inc., 106 AD3d 586, 588 [1st Dept 2013]). Stills taken from the CCTV footage of the January 8, 2020 accident clearly show that the ladder's height was insufficient. Defendants' argument that plaintiff was the sole proximate cause of his accident, because he was moving the ladder from side to side by wiggling it, is unavailing. Plaintiff learned that method of moving the ladder from his supervisor, who was present that day (see Hayek v Metropolitan Transp. Auth., 195 AD3d 568, 568 [1st Dept 2021]; Vucetic v NYU Langone Med. Ctr., 173 AD3d 527 [1st Dept 2019]). Moreover, plaintiff testified that he fell when he placed a "Gerry board" on top of a wall, after the ladder had settled.
The court correctly granted Macerich summary judgment on the contractual indemnification claim against ABC. The contract between Macerich and ABC, which was dated as of March 2, 2020, after the accident, specified that the term of the agreement commenced on January 6, 2020 (see Pena v Chateau Woodmere Corp., 304 AD2d 442, 443-444 [1st Dept 2003], appeal dismissed 2 AD3d 1488 [2003]; Elescano v Eighth-19th Co., LLC, 13 AD3d 80, 81 [1st Dept 2004]). ABC's vice president and its comptroller testified that they did not recall any contract negotiations. Both claimed unfamiliarity with retroactive clauses, but [*2]such purported ignorance does not defeat the clear and unambiguous contract (see Karsah Intl., Inc. v Jong Soo Kim, 225 AD3d 425, 426 [1st Dept 2024]). General Obligations Law § 5- 322.1 does not bar enforcement of the clause, as there is no evidence of any negligence on the part of Macerich, plaintiff's Labor Law § 200 and common-law negligence claims against Macerich having been dismissed (see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,89 NY2d 786, 795 n5 [1997] ["We would note that without a finding of negligence on the part of the (general contractor), the agreements as applied would not run afoul of the proscriptions of General Obligations Law § 5-322.1")], citing Hawthorne v South Bronx Community Corp., 78 NY2d 433 [1991],and Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179 [1990]; DaSilva v Toll First Ave., LLC, 199 AD3d 511, 513 [1st Dept 2021]).
Macerich's claim that ABC breached the insurance procurement clause in the contract between them should not have been dismissed, since a certificate of insurance generated by a broker is not conclusive evidence that the required insurance was procured (see Shala v Park Regis Apt. Corp., 192 AD3d 607, 608 [1st Dept 2021]). Summary judgment in favor of Macerich on the claim, however, is not warranted. In addition to the certificate, correspondences between ABC's carrier and Macerich raise questions of fact as to whether ABC purchased such insurance.
The motion court should not have denied ABC's motion seeking dismissal of Macerich's common-law claims on the grounds of timeliness, there being a so-ordered stipulation extending the parties' time to file cross-motions. Nevertheless, ABC's argument on appeal that Workers' Compensation Law requires dismissal is a fact-based argument that was not raised before the motion court, and we decline to consider it (see McGarr v Guardian Life Ins. Co. of Am., 19 AD3d 254, 255 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025